UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL Q. CAREY D/B/A CAREY
& ASSOCIATES,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/19/05

                Appellant,

- against -

RUDOLF J.O. ERNST and ANGELIKA L. ERNST,

                Debtors.
---------------------------------------------------------------X

05- Civ -03958 (RPP)
05- Civ -03332 (RPP)
05- Civ -03959 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Appellant Michael Q. Carey d/b/a Carey & Associates ("Carey") in his motion for

reconsideration dated November 19, 2005, argues that Judge Blackshear's finding that Carey

"billed 'needless hours on unrelated matters for . . . the sole purpose of racking up interest on a

legitimate account stated,'" should not have been adopted by this Court because there was no

evidence in the record to support such finding and that, therefore, the Bankruptcy Court's finding

was clearly erroneous. (Mem. in Support at 3.)[1] Carey also argues that the proper remedy for

any improper fees is a disallowance of those fees in the entirety, rather than a reduction in

interest. (Id. at 10.)

This Court held that Judge Blackshear did not err as a matter of law in reducing the rate

of interest, nor was his determination to reduce the interest rate clearly erroneous. From the

daynotes submitted, Judge Blackshear could have reasonably concluded that the extent of the

delay in moving for summary judgment was unreasonable and resulted in unnecessary interest.

Though Carey is correct in his assertion that the remedy for an invalid fee expense is to disallow

---
[1] Carey also disputes this Court's conclusion that he allowed this case to linger for years while he explored the defendants' assets and his claim against the debtors' son. (Mem. in Support at 4-5.)

it in its entirety, an initially valid fee may be wrongfully inflated through improper delay, resulting in an increase in interest due. However, since Judge Blackshear deprived Carey of a hearing on his fee application, and since the Bankruptcy Court will be holding a hearing on Carey's fee application pursuant to this Court's Opinion and Order of November 8, 2005, efficiency and sound administration may best be served by allowing the Bankruptcy Court to reach a full consideration of the reasonableness of both Carey's fee application and the interest to be awarded thereon. Accordingly, the motion to reconsider is granted and the issue remanded to the Bankruptcy Court together with the issue of the reasonableness of Carey's fee application.

IT IS SO ORDERED.

Dated: New York, New York
December 19, 2005

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order sent to:

**Attorneys for Appellant**

Carey & Associates LLC
521 Fifth Avenue, Suite 3300
New York, NY 10175-3399
Attn: Michael Q. Carey
      Natasha P. Concepcion
Tel:  212-758-0076
Fax:  212-758-0069

**Attorney for Appellees Rudolf J. Ernst and Angelika L. Ernst**

Koerner Silberberg & Weiner, LLP
112 Madison Avenue, 3rd Floor
New York, NY 10016
Attn: Joseph L. Fox
Tel:  212-689-4400
Fax:  212-689-3077

**Attorneys for Appellees Franklin Community Bank, NA and Larry A. Heaton**

DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Attn:   Christopher Campbell
        Thomas R. Califano
        Vincent J. Roldan
Tel:    212-835-6000
Fax:  212-835-6001

DLA Piper Rudnick Gray Cary US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209
Attn:   Richard M. Kremen
        Jodie E. Buchman
Tel:    410-580-3000
Fax:  410-580-3001